IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-327-D-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JONATHAN MCLEAN, | ) | |
| | ) | |
| Defendant. | ) | |

On January 25, 2010, pursuant to a written plea agreement, Jonathan McLean ("McLean") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine. See [D.E. 1, 52, 53]. On May 4, 2010, the court held McLean's sentencing hearing. See [D.E. 67, 70]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated McLean's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McLean to 156 months' imprisonment. See id.; [D.E. 70]. McLean did not appeal.

On October 2, 2015, McLean moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 114]. On October 6, 2015, the government filed a response in opposition and detailed McLean's extensive misconduct while incarcerated in the Bureau of Prisons. [D.E. 115]. On October 20, 2015, McLean replied [D.E. 118]. McLean's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 31

and a criminal history category of III. See Resentencing Report. McLean requests a 126-month sentence. See id.; [D.E. 114] 2, 4.

The court has discretion to reduce McLean's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce McLean's sentence, the court finds that McLean engaged in serious criminal behavior. See PSR ¶¶ 13–19. Moreover, McLean is a violent recidivist and has convictions for possession of cocaine, possession of stolen goods or property, resisting a public officer, possession with intent to sell and deliver cocaine, assault on a female, and assault inflicting serious injury. See id. ¶¶ 21–33. McLean also has virtually no work history. See id. ¶¶ 35, 46–47. McLean has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for using drugs or alcohol, stealing food, phone abuse/disrupting monitoring, refusing to obey an order, failing to follow safety regulations, and possessing drugs or alcohol. See Resentencing Report; [D.E. 115]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that McLean received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing McLean's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and serious misconduct while incarcerated. Cf. U.S.S.G.

§ 1B1.10, cmt. n.1(B)(ii). Thus, the court denies McLean's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES McLean's motion for reduction of sentence [D.E. 114].

SO ORDERED. This **25** day of April 2018.

                                                       JAMES C. DEVER III
                                                       Chief United States District Judge